# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**BLAKE SHEPHERD,**
*Plaintiff,*

vs.

**THE BENNETT GROUP, BENNETT CHRYSLER-PLYMOUTH-DODGE-JEEP, LLC, BENNETT CHEVROLET, INC., & RICKY CRISCO,**
*Defendants.*

Case No.:   3:26-cv-171

## COMPLAINT FOR BREACH OF CONTRACT & DAMAGES

COMES NOW the Plaintiff, BLAKE SHEPHERD (hereinafter, the "Plaintiff"), by and through the undersigned counsel, and hereby sues THE BENNETT GROUP, BENNETT CHRYSLER-PLYMOUTH-DODGE-JEEP, LLC, BENNETT CHEVROLET, INC., and RICKY CRISCO (hereinafter collectively, the "Defendants"), and in support thereof states:

### PARTIES

1.    The Plaintiff, Blake Shepherd, is a natural person residing in Duval County, Florida.

2.    On information and belief, Defendant The Bennett Group



Page **1** of **19**

476 Riverside Ave. #15, Jacksonville, FL 32202 • 904.420.1776 • rook@ringer.law

(hereinafter, "Bennett Group") is a trade name and/or business entity that manages Defendants Bennett Chrysler-Plymouth-Dodge-Jeep, LLC and Bennett Chevrolet, Inc. from their primary business location in Camden County, Georgia, and incorporated in Georgia.

3.      On information and belief, Defendant Bennett Chrysler-Plymouth-Dodge-Jeep, LLC (hereinafter, "Bennett Chrysler") is a Georgia business entity that sells new and used automobiles from their primary business location in Camden County, Georgia, and incorporated in Georgia.

4.      On information and belief, Defendant Bennett Chevrolet, Inc. (hereinafter, "Bennett Chevrolet") is a Georgia business entity that sells new and used automobiles from their primary business location in Camden County, Georgia, and incorporated in Georgia.

5.      On information and belief, Defendant Ricky Crisco (hereinafter, "Crisco") is a natural person acting as sales manager of one or more of the entities making up Bennett Group, and resides in or near Camden County, Georgia.

## NATURE OF THE ACTION

6.      This is an action for breach of contract and damages with respect to the Plaintiff's purchase of a 2017 Chevrolet Corvette Stingray (VIN:



476 Riverside Ave. #15, Jacksonville, FL 32202 • 904.420.1776 • rook@ringer.law

1G1YF3D72H5117077) (hereinafter, the "Corvette").

## VENUE AND JURISDICTION

7. "Diversity jurisdiction is proper when all opposing parties are citizens of different states and the amount in controversy exceeds $75,000." *Kureti v. Coast Pro., Inc.*, No. 8:24-CV-01957-MSS-AEP, 2025 LX 403539, at *3-4 (M.D. Fla. Sep. 19, 2025) (*citing* 28 U.S.C. § 1332).

8. Here, the Plaintiff is domiciled in Florida, and all Defendants are residents of Georgia, and/or incorporated in Georgia, and maintain their primary places of business in Georgia, so diversity jurisdiction is proper.

9. Additionally, the amount in controversy includes both the total amount of the sale, as well as damages, interest, costs, and expenses, likely to far exceed the $75,000 amount-in-controversy requirement.

## FACTS COMMON TO ALL COUNTS

10. On August 5, 2025, Ricky Crisco (hereinafter, "Crisco") stated via text to the Plaintiff that:

> I need to have the check in house before I can purchase the vehicle so if you have Jordan or yourself go to Navy Federal and pick up the check, I can print all the paperwork. The check needs to be signed on the front and the back if you cannot make it up here I will get Emily to get with you and we will send a driver to you

[***]



> Please do not fill out the draft as far as the Vin number goes just signed the front in the back of it. We will fill out the draft when he gets here.

[Exhibit "A", 002].

11.     On August 11, 2025, Crisco stated via text to the Plaintiff that, "[w]e have already purchased your new car and we are on our way to Tennessee to pick it up." [Exhibit "B", 004].

12.     A copy of that check was provided via text to Crisco, showing that it was made out for $49,000.00 with no payee, as instructed by Crisco. [Exhibit "C", 006].

13.     On August 12, 2025, the Plaintiff stated via text to Crisco, "so what did the price end up being on that car. u kind of haven't told me that". [Exhibit "D",008]. Crisco responded, "I will know tom after it gets out of service". *Id.*

14.     On August 14, 2025, Crisco again assured the Plaintiff that he was making sure that, "the car is ready to go" and that they needed to sit down and he would give the Plaintiff "a final price". [Exhibit "E", 010].

15.     On September 10, 2025, the Plaintiff sent the following via text to Crisco:

> Ricky.. what is the status of the car please. the invoice i was sent didn't even address the issues i dropped it off for.. I'm frustrated :(



[Exhibit "F", 012].

16.     Crisco then responded that he had "sent it down to Chevy" for the transmission service. *Id.*

17.     The Plaintiff then asked why the Corvette was showing information on the Carfax website as being in Tennessee on August 25 and listed for sale with another dealer. [Exhibit "G", 014].

18.     The Plaintiff also provided a Carfax Report to Crisco that stated that it was paid for by "Bennett Chrysler Dodge" and showed the following information:



[Exhibit "H", 016].

19.    Notably, the Carfax Report shows that the vehicle was offered for sale by Defendants on August 14, 2025, was serviced by Defendants on August 21, 2025, and then it showed the Corvette as being offered for sale at Homer Skelton Ford of Millington, Tennessee 4 days later. *Id.*

20.    Then, it shows up as having been serviced again by Defendants on September 4, 2025. [Exhibit "I", 018].



21.    On September 22, 2025, the Georgia temporary license plate on the Corvette (S3271317), issued by Defendants, expired.



[Exhibit "J", 020].

22.    On or about September 23, 2025, a Carfax Report for a 2019 Ram 1500 Rebel (VIN: 1C6SRFLT6KN582769) (hereinafter the "Ram Truck"), was updated to state that the vehicle was titled or registered in Jacksonville, Florida, and is colored red.



[Exhibit "K", 022].

23.     Additionally, the Ram Truck showed as registered to the Plaintiff, even though they only test-drove it.



THE LAW OFFICE OF

ROOK RINGER

476 Riverside Ave. #15, Jacksonville, FL 32202 • 904.420.1776 • rook@ringer.law

Page **9** of **19**



[Exhibit "L", 024].

24.  On September 26, 2025, Plaintiff noticed a faulty heads-up-display.

[Exhibit "M"].

25.  On October 13, 2025, Plaintiff sent a text to Crisco stating that they,



"haven't received a license plate yet and the plate is expired". [Exhibit "N"].

26.   On October 29, 2025, Navy Federal Credit Union (hereinafter, "NFCU") sent a "second notice" to the Plaintiff stating that NFCU has not received the Certificate of Title or other proof of ownership reflecting NFCU as first lienholder and gave sixty (60) days in which to complete the process or the loan could be converted to a less favorable unsecured loan at higher payments.



[Exhibit "O"].

27.   On November 12, 2025, Plaintiff was stopped by the Jacksonville Sheriff's Office regarding the expired tag.

28.   As a result, Plaintiff is now left holding a loan for a vehicle that was never properly transferred in their name, nor is it legal to drive with the expired



registration.

29.     After the deadline to correct this issue is on December 28, 2025 had passed, NFCU changed the loan terms to a personal, unsecured loan, at higher interest rates and payments. [Exhibit "P"].

## COUNT I

## BREACH OF CONTRACT
(Defendants)

Plaintiff hereby sues Defendants for damages for breach of contract, and alleges:

24.    Plaintiff repeats and reavers the allegations in paragraphs 1-26 as though fully set forth herein.

25.    "The elements of a negligence claim are a duty, a breach of that duty, causation, and damage. *Williams Props., LLC v. Paradise Ops., LLC*, Nos. 21-11275, 21-12081, 2021 U.S. App. LEXIS 31735, at *7 (11th Cir. Oct. 21, 2021).

26.    Here, Defendants entered into a contract with Plaintiff, and Plaintiff met all of their obligations.

27.    However, Defendants failed to properly register the vehicle to Plaintiff and apparently registered a completely different vehicle to them, instead only ever providing a temporary paper license plate that has since expired.

28.    Defendants' breach of the contract is directly responsible for Plaintiff being unable to enjoy use of the Corvette, and for Plaintiff getting stopped by law enforcement.



29.    Additionally, Plaintiff has suffered damages with respect to not being able to drive the Corvette, as well as the damages getting pulled over because of Defendants' collective failure to complete a simple automobile transaction, notably of the kind that Defendants frequently complete multiple times daily.

WHEREFORE, the Plaintiff demands judgment against Defendants for damages, attorney's fees, costs, and expenses of this action.

## COUNT II
## RESCISSION
(Defendants)

Plaintiff hereby sues Defendants for rescission, and alleges:

30.    Plaintiff repeats and reavers the allegations in paragraphs 1-26 as though fully set forth herein.

31.    Equity will grant to a complaining party rescission of an agreement procured through fraud, deceit, artifice, or trickery practiced upon him by the opposite party, even after it had been partially executed, in cases where it is made to appear that the complaining party would not have entered into such agreement, nor changed his position thereby, if it had not been for the influence of

THE LAW OFFICE OF
## ROOK RINGER

476 Riverside Ave. #15, Jacksonville, FL 32202 • 904.420.1776 • rook@ringer.law

such fraud, deceit, artifice, or trickery so practiced upon him. *Townsend v. Morton,* 36 So. 3d 865, 867-68 (Fla. 5th DCA 2010).

32.   If, indeed, a man, upon a treaty for any contract, make a false representation, whether knowingly or not, by means of which he puts the party bargaining under a mistake upon the terms of bargain, it is a fraud, and relievable in equity. *Id.*

33.   Throughout the conversations with Crisco and other agents of Defendants, Defendants made statements to Plaintiff that were false – knowingly or not – and those statements were designed to induce the Plaintiff to complete their end of the performance, which they did.

34.   In fact, these statements included representations of where the vehicle was located, who owned the vehicle, and when the Plaintiff would be properly registered in order that NFCU would receive all of the appropriate documentation.

35.   The courts also have established that in order to grant rescission of an instrument, the other party must be restored to the position it occupied prior to its execution. *Id.*

36.   As a result, Plaintiff requests to return the Corvette to



Defendants in order to restore them to the position they occupied prior to the sale.

WHEREFORE, the Plaintiff demands judgment against Defendants for rescission, damages, attorney's fees, costs, and expenses of this action.

**COUNT III**
**BREACH OF WARRANTY**
(Defendants)

Plaintiff hereby sues Defendants for rescission, and alleges:

37. Plaintiff repeats and reavers the allegations in paragraphs 1-26 as though fully set forth herein.

38. The elements of a claim of breach of warranty under Florida law are: (1) facts in respect to the sale of the goods; (2) type of warranty created; (3) facts in respect to the creation of that particular type of warranty; (4) facts of the breach of warranty; (5) notice to seller of breach; and (6) injuries sustained by the buyer as a result of the breach of warranty. *Pegasus Imaging Corp. v. Allscripts Healthcare Sols., Inc.,* No. 8:08-CV-1770-T-30EAJ, 2009 LX 56998, at *4 (M.D. Fla. June 23, 2009).

39. Here, there was a sale of a used Corvette, and Defendants



warranted that the Plaintiff would receive the Corvette and it would be legally able to operate on the streets of Georgia and/or Florida.

40.    However, Plaintiff has never received the required registration documentation necessary for the Corvette's legal operation.

41.    As a result, Defendants have breached the implied warranties of merchantability and fitness for a particular purpose.

42.    Plaintiff has suffered damages as a result, including but not limited to loss of use and damages caused by the reformation of the loan into a higher-interest loan.

WHEREFORE, the Plaintiff demands judgment against Defendants for breach of warranty, damages, attorney's fees, costs, and expenses of this action.

## PUNITIVE DAMAGES

43.    Plaintiff expects to amend the Complaint to add claims for punitive damages once discovery has completed.

## DEMAND FOR JURY TRIAL

44.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,



THE LAW OFFICE OF
ROOK RINGER
476 Riverside Ave. #15, Jacksonville, FL 32202 • 904.420.1776 • rook@ringer.law

Dated: <u>29 JAN 2026</u>

_____
Rook Elizabeth Ringer, Esq.
Fla. Bar #1015698
**The Law Office of Rook Ringer**
120 Palencia Village Dr
Ste 105, Box 122
St Augustine, FL 32095-8553
904.420.1776
rook@ringer.law
*Attorney for Plaintiff*

## CERTIFICATION OF SERVICE

I HEREBY certify that a copy of the foregoing has been or will be furnished by personal service to all Defendants as pleaded herein.

Respectfully submitted,

Dated: <u>29 JAN 2026</u>

_____
Rook Elizabeth Ringer, Esq.
Fla. Bar #1015698
120 Palencia Village Dr
Ste 105, Box 122
St Augustine, FL 32095-8553
904.420.1776
rook@ringer.law